IN THE MATTER OF THE ESTATE OF ALFRED SCHMIDT, DECEASED.

Hudson County Court
Probate Division

Decided January 5, 1956.

*Mr. George P. Moser,* for the executors.

*Mr. Morton Isaacs* and *Mr. Milton Rosenblum,* for Eileen Schmidt.

*Mr. Leon M. Rosen,* guardian *ad litem* for Alfred Schmidt, Jr., and Joy Campbell, infants, *pro se.*

COOLAHAN, J. C. C.   Alfred Schmidt died on March 15, 1954, a resident of Hudson County, New Jersey, and his last will and testament has been duly probated in the Surrogate's Court of Hudson County.   In connection with the settlement of the first intermediate account the executors seek direction as to the distribution of a certain asset concerning which there has arisen doubt.

The sole question presented is whether the phrase "any cash in any bank account or bank accounts" as used in the last will and testament of decedent comprehends the sum of $24,000 in cash which was found in a safe deposit box maintained by the testator during his lifetime.

The last will and testament of decedent contains the following provision:

"SECOND: I give and bequeath to my wife, Eileen Schmidt, the remainder of *any cash in any bank account or bank accounts* after the payment of my debts, funeral expenses and administration expenses as provided for in paragraph One, together with all of my personal effects, to wit, household furnishings, jewelry, clothing and my automobile or automobiles that I might own at the time of my death and any stock in Weehawken Engineering and Manufacturing Company Inc. of which I might die seized." (Italics supplied.)

In addition to the assets mentioned in the terms of the will there was discovered in the safe deposit box aforesaid the sum of $24,000.   This cash sum is claimed by the widow of decedent under paragraph Second of the will.   The guardian *ad litem* appointed by the court on behalf of Alfred Schmidt,

Jr., and Joy Campbell, infants, objects and contends the decedent died intestate as to this cash fund which must be distributed in accordance with the provisions of *N. J. S.* 3A :4–2.

The court is mindful of the general principle that in a matter of doubt a will is to be construed, if possible, so as to avoid intestacy. *Polliak v. Smith*, 19 *N. J. Super.* 365 (*Ch. Div.* 1952); *Hackensack Trust Co. v. Bogert*, 24 *N. J. Super.* 1 (*App. Div.* 1952). However, as stated by Justice Heher in *In re Fox's Estate*, 4 *N. J.* 587, at *page* 594 (1950):

"It is not of the judicial province to reconstruct the will and to provide for a contingency unforeseen by the testator.   *   *   *"

And in the case of *Ricardo v. Kelly*, 134 *N. J. L.* 540, at *page* 543 (*Sup. Ct.* 1946), this principle was given expression by the court when it stated:

"Conjecture and speculation as to the testamentary intention are inadmissible. The Statute of Wills (*R. S.* 3 :2–3) directs that, except as to noncupative wills, the testamentary design shall be in writing and authenticated as therein prescribed; and thus the testator's intention, to be enforceable, must be found in the words of the will, considered as a whole in relation to the attendant circumstances. The aim of construction is not to find the unexpressed intention of the testator, but that expressed in the language of the will. The judicial function is not to redraft or revise the will, but only to construe the will that the testator has made.   *   *   *"

There is such a vast distinction between cash which is maintained in a bank account and cash which is kept in a safe deposit box that it would require a forced and unnatural interpretation to ascribe the same meaning to each. A bank account creates a creditor-debtor relationship, and the amount on deposit is specifically recorded and receipted for by the banking institution. A safe deposit box on the other hand creates at most a bailment relationship between the parties and the funds contained therein at all times are within the sole knowledge and control of the person renting the box. The fact that the decedent kept a substantial amount on the record, as it were, in bank accounts, and a substantial amount off the record, as it were, indicates that the testator recog-

nized the distinction between them as well as the peculiar advantages of each type of fund keeping.

There appears to be no case in this jurisdiction bearing upon the precise question we are presently considering. However, the Supreme Court of Illinois in the case of *Lavin v. Banks*, 406 *Ill.* 605, 94 *N. E.* 2d 876, 877 (1950), ruled against a contention similar to that urged by the widow herein. In the Illinois case the will provided as follows:

"I also give and bequeath to my beloved wife, Anna Lavin, all monies on deposit in my name in any bank or banking institution."

This expression more closely approached saying "cash in safe deposit boxes" than does the language of the last will and testament in the instant case which merely says,

"* * * any cash in any bank account or bank accounts * * *."

Nevertheless, in the *Lavin* case, *supra*, the court, 94 *N. E.* 2d, at *page* 879, stated:

"When one speaks of money being 'on deposit' in a bank or banking institution in his name, he conveys the impression that it has been turned over to the custody and control of the bank and that he has some receipt or evidence of having made the deposit. One expects to gain something by having money so on deposit—he either expects to receive interest on the principal, or to have the privilege of checking against the balance. Money in a safe-deposit box of a bank is not known by the bank to be there and cannot be carried by it as being 'on deposit.' Money in a deposit box may or may not belong to the owner of the box, even though the box be in his sole and individual name and right. In reality when one places money in a safe-deposit box he does not deposit it in or with the bank. He deposits it in a receptacle controlled by himself. He, alone, has the right to enter that receptacle; his money is still within his control; the bank has no control over the contents but has only a key which aids in entrance. He deposits money in a box in the bank building, but the money is not 'on deposit' in the bank."

Under the circumstances it is my opinion and I do find that the testator herein failed to dispose of the cash contained in the safe deposit box by the terms of his last will and testament. This asset will therefore be distributed in accordance with our statute of distribution.